### C. L. GROSS *v.* ALEX. BARTLEY.

DISTRESS FOR RENT.  *Right of assignee.*

> The assignee of a note or other security given for rent of land is not entitled to the remedy by distress to enforce its payment. His remedy is limited by statute to the landlord or the grantees of the demised premises, or of the reversion thereof, their heirs, executors, and administrators. *Taylor* v. *Nelson,* 54 Miss. 524, distinguished.

APPEAL from the circuit court of Madison county.

HON. T. J. WHARTON, Judge.

There is an agreed statement of facts. Parsons rented land for the year 1887 to Bartley, taking a note for the rent. Afterward he transferred the note by indorsement to appellant, Gross, who, upon default of its payment, distrained for the rent, and seized certain cotton of the tenant. The note evidenced the only agreement between the landlord and tenant in reference to the renting. The cause was submitted to the judge without a jury to decide whether the assignee of the note had the right to attach for rent. The judge was of the opinion that the assignee could not attach for rent, and gave judgment accordingly.

*G. W. Thomas,* for appellant.

By his transfer of the rent note, the landlord parted with all his right, title, and interest in the rental claim. His assignee got both

the lien and the right to enforce it. The landlord's lien is assignable. *Taylor* v. *Nelson,* 54 Miss. 524. It does not differ from the lien of a mechanic or laborer. *Kerr* v. *Moore,* 54 Miss. 286. Our present statute is similar to those under which these decisions were rendered. Code 1880, § 1324. As the assignee takes the lien, he must have the right to enforce it.

*F. B. Pratt,* for appellee, cited 2 Taylor Land. and Ten., §§ 439 and 568; *Patty* v. *Bogle,* 59 Miss. 492; *Slocum* v. *Clark,* 2 Hill (N. Y.) 476; *Hill* v. *Stocking,* 6 Ib. 283; *Foster* v. *Westmoreland,* 52 Ala. 223; *Wright* v. *Link et al.,* 34 Miss. 266.

The remedy by distress is not a proceeding *in court* and it belongs only to the persons named in the statute. While the lien of the landlord is assignable, the remedy to enforce it is in the courts and not by the extraordinary remedy of attachment out of court, which is conferred by statute only on the landlord or grantees of the land or reversion thereof, their heirs, executors, and administrators. Code 1880, § 1324.

*F. B. Pratt,* for appellant, and *R. C. Smith,* for appellee, made oral arguments.

COOPER, J., delivered the opinion of the court.

The appellant is not the landlord nor the grantor of the demised premises or of the reversion thereof, and the remedy by attachment for rent is by the statute limited to such persons, their heirs, executors, and administrators. Code, §§ 1302, 1324.

It is true that by § 1301 of the code a statutory lien is given to the landlord upon the agricultural products of the demised premises to secure the payment of the rent; but the remedy to enforce the lien by attachment is limited by the other provisions of the code noted.

*Taylor* v. *Nelson,* 54 Miss., was decided under a statute giving a lien and permitting any lienor to enforce it by statutory remedy. Under the law as it now stands the remedy provided by the statute is expressly limited to persons occupying a relation to the land, and the appellant is not within the class.

*The judgment is affirmed.*